ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND *v.* FRANK
EBAUGH MASON, JR.

[Misc. (BV) No. 10, September Term, 1982.]

*Decided December 20, 1982.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Glenn M. Grossman, Assistant Bar Counsel,* with whom was *Melvin Hirshman, Bar Counsel,* on the petition, for petitioner.

No appearance on behalf of respondent.

SMITH, J., delivered the opinion of the Court.

Bar Counsel, acting pursuant to the provisions of Maryland Rule BV9, filed a petition with us on behalf of the Attorney Grievance Commission seeking disciplinary action against Frank Ebaugh Mason, Jr., a member of the Bar of this Court since June 19, 1974. A number of charges were involved. We shall recite only such of the facts as are relevant to our imposition of the sanction of disbarment.

The facts are not contested. Bar Counsel utilized the provisions of Rule 421 to obtain admission of facts. No response was made by Mason. Hence, under Rule 421 b 2 the facts were deemed admitted.

Pursuant to Rule BV10 we assigned the Honorable H. Kenneth Mackey, Associate Judge of the Second Judicial Circuit of Maryland, to hear the proceeding in the Circuit Court for Talbot County. No answer or other responsive pleading was filed. Accordingly, a decree pro confesso was entered.

Mason initially was present at the hearing held to receive evidence pursuant to the decree pro confesso. However, he left prior to the conclusion of that hearing. No live testimony was introduced, but the transcript of the hearing before the inquiry panel was filed. It, the admitted facts, and certified copies of all proceedings relative to the estate of Laura Coleman constitute the facts before the Court.

### i Tax Matters

Mason was convicted by a jury of willfully failing to file 1977 and 1978 Maryland income tax returns. Thereafter, he entered a plea of nolo contendere to three counts which charged a willful failure to remit withholding taxes on behalf of employees. This plea was duly accepted.

### ii The Laura Coleman Matter

As a result of the illness and subsequent death of an older attorney, Mason fell heir, so to speak, to representation of Laura Coleman, then ninety years of age. The older attorney

had earlier prepared a power of attorney from Mrs. Coleman to Delphine Smallwood, a cousin who resided in Baltimore City. At Mason's request the cousin signed blank checks and blank savings account withdrawal slips. Without the knowledge of Mrs. Smallwood, more than $40,000 was withdrawn during the year 1977 from the joint savings account of Mrs. Coleman and Mrs. Smallwood. Mason executed a note dated June 23, 1977, in the amount of $30,000, payable twelve months after date, to Mrs. Coleman and Mrs. Smallwood for that much of this sum. He claimed Mrs. Coleman agreed to lend him this amount. The trial judge so found. The note became a part of Mrs. Coleman's estate.

Mrs. Coleman died October 31, 1977. Letters testamentary were granted to Mason on February 27, 1978. On April 7, 1978, one day after the checking account for the estate of Mrs. Coleman was opened, Mason drew himself a check in the amount of $2,000 as an advance on his commissions as executor. On June 5, 1979, the Orphans' Court of Talbot County passed an order directing Mason to file an inventory and an administration account by June 12, 1979, or appear before the court on that date to show cause why the account and the inventory "should not be stated and filed as required by law." As a matter of fact, the docket entry in the office of the Register of Wills for Talbot County reflecting that order shows that it was the first entry subsequent to February 27, 1978, when the information report was filed.

Mrs. Smallwood was the sole beneficiary under the will of Mrs. Coleman. Mason drew a check to Mrs. Smallwood on July 1, 1979, in the amount of $30,000. The check was on the account of The South Lane Corporation at Maryland National Bank. South Lane's address, as shown on the check, was identical to that of Mason's office. He wrote Mrs. Smallwood a letter on July 2, 1979, requesting that she "not deposit the check [she was] holding until the [sic] 18 July

1979," since that was when they were "settling up at the bank." Mrs. Smallwood took the check to a branch of Maryland National Bank in Baltimore City. She was informed that there was but $4,000 in the account upon which the check was drawn. Ultimately she received a certified check from Mason's wife for the $30,000.

### iii The Sanction

We cannot countenance conduct on the part of an officer of this Court which includes a willful failure to file his own income tax returns for two consecutive years; a willful failure, over a period of fifteen months for three separate calendar quarters, to remit State income taxes withheld from employees; paying himself a commission in an estate among his first actions in the estate, such payment being before any work of consequence was done and before any petition and court order relative to commissions as required by Maryland Code (1974) § 7-601, Estates and Trusts Article; failure to file the requisite papers in an estate until demand was made upon him by the Orphans' Court of Talbot County; borrowing a substantial sum of money from an elderly individual whose affairs he was handling; and then giving a check on an account other than the estate's for sums due the beneficiary which check was not good. Cf. *Attorney Griev. Comm'n v. Boehm*, 293 Md. 476, 479 n. 2, 446 A.2d 52 (1982), where Judge Cole took pains to point out for the Court, "It is the obligation of an attorney upon receiving funds representing the assets of an estate to deposit those funds in a separate estate account clearly identifiable by the name of the decedent. Such funds should not be commingled in an escrow account, general or otherwise." The number of Mason's violations makes his case comparable to that of *Md. St. Bar Ass'n v. Phoebus*, 276 Md. 353, 347 A.2d 556 (1975).

No extenuating circumstances for Mason's misconduct have been set forth. We find none. Under the sum total of the

circumstances here, disbarment is the proper sanction to be imposed.

*It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the cost of transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Frank Ebaugh Mason, Jr.*