477 A.2d 756

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Horace Sherrwood HARPER, Jr.**

**Misc. (BV) No. 28, Sept. Term, 1983.**

Court of Appeals of Maryland.

July 11, 1984.

**194**

Melvin Hirshman and Kendall R. Calhoun, Bar Counsel and Asst. Bar Counsel for Atty. Grievance Com'n, Annapolis, for petitioner.

No appearance on behalf of respondent.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, DAVIDSON and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Horace Sherrwood Harper, Jr., alleging violations of the disciplinary rules of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b, to Judge Edward J. Angeletti of the Circuit Court for Baltimore City to make findings of fact and conclusions of law. After conducting an evidentiary hearing, Judge Angeletti filed detailed findings and conclusions as follows: "The testimony offered at the hearing together with the exhibits received establish clear and convincing evidence of the following facts relevant to this controversy.

*"BC Docket No. 82–296–16–1*

*Findings of Fact*

"In late 1978 or early 1979, the Respondent undertook a trademark matter on behalf of Ruth Fader and Baltimore Rent-a-Tour, applying on January 22, 1979, for a 'service mark' on behalf of Baltimore Rent-a-Tour. Between January, 1979, and September, 1980, the Respondent was paid approximately $350 by Mrs. Fader, but failed to take any

further steps regarding the application for the 'service mark', which necessitated the refiling of that application in September, 1982. Respondent failed to follow up on the refiled application or to communicate or correspond with Mrs. Fader.

### *"Conclusions of Law*

"(1) The Respondent violated Disciplinary Rule 1–102 (A) (1) (5) and (6) in that his failure to follow through on a matter for which he was retained is conduct prejudicial to the administration of justice and conduct reflecting adversely upon his fitness to practice law.

"(2) The Respondent violated Disciplinary Rule 6–101 (A) (1) (2) and (3) in that he undertook a trademark matter without adequate preparation, neglected that matter when he failed to take any action subsequent to the filing of the application, and failed to associate himself with an attorney competent to handle such matters when he knew, or should have known, he was not competent to handle it.

"(3) The Respondent violated Disciplinary Rule 7–101 (A) (1) (2) and (3) in that he intentionally failed to carry out a contract of employment and to seek the lawful objectives of his client by his failure to take any steps in furtherance of the trademark application and his client was prejudiced by the failure to pursue her 'service mark.'

### *"BC Docket No. 83–1–16–1*

### *Findings of Fact*

"In January, 1979, the Respondent purchased the patent law practice of the firm of Samuels, Clark and Everett from the surviving partner, J. Wesley Everett, who was acting through the agency of his wife, Mrs. Nora Everett. At the time of the purchase the firm's bank accounts were transferred to the Respondent, including the escrow account which had a balance of $2,815.50 as of January 31, 1979.

Thereafter, on two occasions in April, 1979, and July, 1979, the Respondent drew checks on that escrow account payable to himself in the amounts of $1,000 and $1,100 respectively. Respondent commingled those escrow funds with his own and utilized them for his own personal purposes. Respondent began neglecting client matters, which resulted in the firm's major client, the John B. Stetson Company, terminating his services on April 9, 1982. Respondent failed to turn the Stetson files over to their new counsel as requested by them. Respondent allowed a patent issued to a client, William Hooper and Sons, to lapse for failure to pay the balance of the fee due the U.S. Patent Office. Sometime in the spring of 1982, the Respondent abandoned his offices in the Keyser Building in Baltimore, leaving most of his client files, furniture, bank records, correspondence and personal belongings. He failed to notify clients, the post office, or others of his change of address or how he could be contacted. In July, 1982, Mrs. Everett, in accordance with the security agreement executed in connection with the sale of the partnership, repossessed the files of former clients of her husband, which included some twenty-six (26) cartons of material which she mailed to the John B. Stetson Company in that the Respondent had failed to turn over this material upon their requests.

"In November, 1982, Mrs. Everett was required to place all of the remaining files, material, and furniture, including materials involving Respondent's own clients and various personal belongings, into storage at her expense.

### "Conclusions of Law

"(1) The Respondent violated Disciplinary Rule 1–102 (A) (1) (3) (4) (5) and (6) in that he misappropriated monies from the firm's escrow account, commingled those monies with his own funds, and utilized those monies for purposes other than the purpose for which they were entrusted to the firm. This misappropriation of funds, as well as his abandonment of his practice, constitutes conduct involving moral tur-

pitude, dishonesty, fraud, deceit or misrepresentation, conduct which is prejudicial to the administration of justice and which adversely reflects on his fitness to practice law.

"(2) The Respondent violated Disciplinary Rule 6–101 (A) (1) (2) and (3) in that he undertook the patent law practice of the firm of Samuels, Clark and Everett without adequate preparation, neglected and abandoned that practice, and failed to associate himself with someone who was competent to handle that practice.

"(3) The Respondent violated Disciplinary Rule 7–101 (A) (1) (2) and (3) in that he intentionally abandoned his practice, thereby failing to seek the lawful objectives of his clients, failing to carry out contracts of employment, and causing prejudice to a number of clients by failing to return files and allowing at least one patent to lapse.

"(4) The Respondent violated Disciplinary Rule 9–102 (A) and (B) and Article 10, Section 44, in that he misappropriated funds from the firm's escrow account, commingled those funds with his own, utilized those funds for purposes other than the purpose for which they were entrusted to the firm, and has failed to account for those funds.

*"BC Docket No. 83–52–16–1*

*Findings of Fact*

"In December, 1981, the Respondent undertook a patent search on behalf of Gardner Ferguson, a former client of the law firm of Samuels, Clark and Everett. The Respondent requested and received the drawings of the invention and $150 from Mr. Ferguson. The Respondent negotiated Mr. Ferguson's check but failed to take any action on his behalf. The Respondent failed to communicate with Mr. Ferguson or return his money to him despite various attempts by Mr. Ferguson to contact him. Mr. Ferguson was

required to retain another firm to handle the matter for him.

### "Conclusions of Law

"(1) Respondent violated Disciplinary Rule 1–102 (A) (1) (5) and (6) in that his undertaking to perform a patent search and accepting a fee therefore but failing to take any action or to return the fee is conduct which is prejudicial to the administration of justice and adversely reflects on his fitness to practice law.

"(2) Respondent violated Disciplinary Rule 6–101 (A) (1) (2) and (3) in that he undertook to do a patent search on behalf of Gardner Ferguson but failed and neglected to take any action or to associate himself with someone who was competent to handle such a matter.

"(3) Respondent violated Disciplinary Rule 7–101 (A) (1) (2) and (3) in that he intentionally failed to seek the lawful objectives of his client, failed to carry out a contract of employment, and prejudiced his client in that his client was required to retain another firm to handle the matter for him.

"(4) Respondent violated Disciplinary Rule 9–102 (B) (3) and (4) in that he failed to render any accounting to his client regarding the monies he had paid and failed to return those monies to the client.

### "BC Docket No. 83–137–16–1

### Findings of Fact

"In 1982 the Respondent failed to reply to various letters from McKenna and Company, the United Kingdom agent for a patent registered in the name of William K. Hiss, a client for the Respondent's firm, regarding the renewals of that patent.

Because it could not get any response from the Respondent, McKenna and Company was required to pursue vari-

ous efforts to learn the address of the client in order to contact him directly to obtain instructions regarding his patent.

## *"Conclusions of Law*

"(1) The Respondent violated Disciplinary Rule 1–102 (A) (1) (5) and (6) in that his failure to respond to letters on behalf of his client was conduct prejudicial to the administration of justice and adversely reflects on his fitness to practice law.

"(2) The Respondent violated Disciplinary Rule 6–101 (A) (3) in that he neglected a legal matter entrusted to him by his failure to respond to communications regarding the renewal of his client's patent.

"(3) The Respondent violated Disciplinary Rule 7–1–1 [101] (A) (1) (2) and (3) in that he intentionally abandoned his practice thereby failing to pursue the lawful objectives of his clients, failing to carry out a contract of employment and causing prejudice to this client."

The respondent took no exceptions to Judge Angeletti's findings. Bar Counsel has recommended disbarment as the appropriate disciplinary sanction, a recommendation with which we concur in view of the misappropriation of funds from the firm's escrow account. The Respondent has failed to set forth any mitigating or extenuating circumstances and where, as here, the misconduct involves misappropriation of funds disbarment follows as a matter of course. *See Attorney Griev. Comm'n v. Mason*, 295 Md. 49, 453 A.2d 143 (1982); *Bar Ass'n v. Marshall*, 269 Md. 510, 307 A.2d 677 (1973).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE

ATTORNEY GRIEVANCE COMMISSION AGAINST HORACE SHERRWOOD HARPER, JR.