482 A.2d 497

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Philip Wyatt MOORE, III.**

**Misc. (Subtitle BV) No. 36, Sept. Term, 1983.**

Court of Appeals of Maryland.

Oct. 22, 1984.

Melvin Hirshman, Bar Counsel, and Walter D. Murphy, Jr., Asst. Bar Counsel, Annapolis, for petitioner Atty. Grievance Com'n of Md.

No appearance on behalf of respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and W. ALBERT MENCHINE, Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for Disciplinary Action against Philip Wyatt Moore, III, alleging violations of DR 1–102(A)(3), (4), (5) and (6), DR 9–102(A)(1) and (2) and DR 9–102(B)(3) and (4) of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b, to Judge Raymond G. Thieme, Jr., Associate Judge of the Circuit Court for Anne Arundel County, to make findings of fact and conclusions of law.

Judge Thieme observed that, as alleged in the disciplinary petition, the Respondent had earlier been charged with the identical disciplinary infractions in the District of Columbia, where the misconduct occurred, and had been disbarred from the practice of law in that jurisdiction on June 10,

1983. Judge Thieme found as a fact that the Respondent willfully misappropriated $25,000 of the funds of a client. He also found that Respondent repeatedly evaded the client's inquiries concerning the misappropriated funds in an effort to hide the defalcation. Judge Thieme concluded that the Respondent's misappropriation involved moral turpitude and that there were no mitigating circumstances in explanation of the misconduct. The court concluded that the Respondent had violated the disciplinary rules, as charged in the disciplinary petition.

The Respondent did not take any exceptions to Judge Thieme's findings. Bar Counsel has recommended disbarment.

Under Maryland Rule BV10 e 1 the final adjudication of Respondent's misconduct by the District of Columbia Court of Appeals "is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule." Moreover, we have said time and again that misappropriation of a client's funds involves moral turpitude which will result in disbarment in the absence of compelling extenuating circumstances justifying a lesser sanction. Respondent has not presented any such circumstances and, accordingly, disbarment is the appropriate sanction in this case. *See Attorney Griev. Comm'n v. Harper*, 300 Md. 193, 477 A.2d 756 (1984); *Attorney Griev. Comm'n v. Mason*, 295 Md. 49, 453 A.2d 143 (1982); *Attorney Griev. Comm'n v. Pattison*, 292 Md. 599, 441 A.2d 328 (1982); *Bar Ass'n v. Marshall*, 269 Md. 510, 307 A.2d 677 (1973).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST PHILIP WYATT MOORE, III.