493 A.2d 362

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**Kenneth Dale SHORT.**

**Misc. (BV) No. 20, Sept. Term, 1984.**

Court of Appeals of Maryland.

June 11, 1985.

Melvin Hirshman, Bar Counsel and Kendall R. Calhoun, Asst. Bar Counsel to Attorney Grievance Com'n of Md., Annapolis, for petitioner.

Russell J. White, Towson, for respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition against Kenneth Dale Short, alleging violations of DR 1–102(A) and DR 9–101(A) and (B) of the Code of Professional Responsibility. We referred the matter, pursuant to Maryland Rule BV9 b to Judge Raymand G. Thieme, Jr., Associate Judge of the Circuit Court for Anne Arundel County, to make findings of fact and

conclusions of law. After conducting an evidentiary hearing, Judge Thieme made the following findings:

"The Petitioner alleges that the Respondent had breached his duties as an attorney by being convicted of a crime that involved misconduct [Md.Code, 1981 Repl.Vol., Art. 10, ¶ 44]. Specifically, the Respondent failed to preserve the identity of funds and property of a client. The essential facts are not in dispute. A copy of the criminal docket sheet indicates that on October 1, 1984, the Respondent was found guilty of misappropriating funds which would have properly escheated to the State. The sentence imposed was suspended and restitution in the amount of $21,210.52 was ordered. The Respondent does not contest these essential facts. At the hearing herein, the Respondent, as permitted under Maryland Rule BV10(e)(2), introduced mitigating evidence on the circumstances that led to the wrongdoing. The testimony showed that prior to the wrongdoing, Respondent, on the one hand, suffered a disabling heart attack which prevented him from working, while on the other hand, pressure from his financial obligations, over which he had little control, were increasing. He turned to the misappropriation as a means to solve his immediate financial burdens. The Respondent attempted to justify this conduct by the noting on his records of the estates in question that "loans" were made to him. The Respondent hoped to be able to replace the funds before the absence was discovered. A character witness, Reverend Carroll Kellbough testified that it was his belief that the Respondent was not a criminal and that his actions were not done with an intent to cause deliberate injury to anyone. The Court is satisfied from the demeanor and the behavior of the Respondent in the courtroom that he now clearly recognizes the seriousness of his conduct and he truly repents his wrongdoing.

## LAW

Under Maryland Rule BV10(e)(1) the final adjudication by a judicial tribunal in another proceeding convicting an attorney of a crime is conclusive proof of the guilt of the

attorney of that crime. The Circuit Court for Baltimore County found the Respondent guilty of the misappropriation of funds belonging to another.

Disciplinary Rule 9–102 A and B states:

"Preserving Identity of Funds and Property of Client.

(A) All funds of clients paid to a lawyer or a law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonable sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

The Court is not clearly convinced from the evidence that the actions of the Respondent were a violation of this

Disciplinary Rule 9–102(A) and (B). Simply, insufficient evidence has been produced.

Disciplinary Rule 1–102(A) reads as follows:
"Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

■ The Court of Appeals has held that the misappropriation of a client's funds involves moral turpitude. *Attorney Grievance Commission of Maryland v. Moore*, 301 Md. 169, 482 A.2d 497 (1984). This Court accepting the findings, as it must, of the Baltimore County Circuit Court finds that the Respondent did by his action clearly violate Disciplinary Rule 1–102(A)."

Respondent did not take any exceptions to Judge Thieme's findings. Bar Counsel has recommended disbarment.

Under Maryland Rule BV10 e 1 the final adjudication of respondent's misconduct by the Circuit Court for Baltimore County "is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule." Moreover, we have said time and again that misappropriation of a client's funds involves moral turpitude which will result in disbarment in the absence of compelling extenuating circumstances justifying a lesser sanction. Respondent has not presented any such circumstances and, accordingly, disbarment is the appropriate sanction in this case. *See Attorney Griev. Comm'n v. Harper*, 300 Md. 193, 477 A.2d 756 (1984); *Attorney Griev. Comm'n v. Mason*, 295 Md. 49, 453 A.2d 143 (1982); *Attorney Griev. Comm'n v. Pattison*, 292 Md.

599, 441 A.2d 328 (1982); *Bar Ass'n v. Marshall,* 269 Md. 510, 307 A.2d 677 (1973).

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST KENNETH DALE SHORT.