497 A.2d 1137

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Paul B. TAYLOR.**

**Misc. (Subtitle BV) No. 31, Sept. Term, 1984.**

Court of Appeals of Maryland.

Oct. 1, 1985.

Melvin Hirshman, Bar Counsel, and Glenn M. Grossman, Asst. Bar Counsel, to the Atty. Grievance Com'n of Maryland, Annapolis, for petitioner.

No appearance on behalf of respondent.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

PER CURIAM.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Paul B. Taylor, alleging violations of the disciplinary rules of the Code of Professional Responsibility. We referred the matter, pursuant to Md.Rule BV9 b, to Judge Richard M. Pollitt of the Circuit Court for Wicomico County to make findings of fact and conclusions of law. After conducting an evidentiary hearing, Judge Pollitt filed findings and conclusions as follows:

"By Order dated February 27, 1985, the Court of Appeals directed that the charges herein be transmitted to and heard by this Court. Pursuant to that Order, all the above documents were served on Taylor by the Sheriff of Wicomico County on March 1, 1985, directing him to respond to the charges within 15 days from the date of service in accordance with Rule BV9 e 2. Taylor did not respond. On March 20, 1985, this Court signed an Order of Default and set the matter for hearing on April 29, 1985. Taylor did appear at the hearing and participated therein.

We heard testimony from Victor H. Laws, Esquire, and Mr. Richard C. Bauer, Jr., an investigator with the Attorney Grievance Commission. Received in evidence as exhibits were (1) the Request for Admission of Facts (deemed admitted by Rule 2–424(b) and Rule BV10(a)), and (2) the complete file in No. 8409 Civil Cases in the Circuit Court for Worcester County. Mr. Taylor cross-examined the witnesses and addressed the Court at great length.

### Findings of Fact

From all the pleadings, admissions, testimony and exhibits, we find by clear and convincing evidence the following facts.[1]

Paul B. Taylor, a member of the Bar of the Court of Appeals for more than twenty years, represented for several years prior to 1975 Peninsula Service Bureau, Inc. (hereinafter "PSB"), a collection agency engaged in the business of collecting delinquent accounts due its customers. The standard financial arrangement between PSB and Taylor had been a three-way division of all net collections; 50% to the PSB customer whose account was collected; 25% to Taylor; and 25% to PSB. Taylor would remit all collections to PSB which then made the distribution of funds set out above. On or about June 30, 1975, J. William Benjamin purchased all the stock of PSB and took over its management. Benjamin and Taylor orally agreed to continue the same financial arrangements and did so until late 1978, when PSB failed and went out of business. After PSB had closed, Taylor was still engaged in the collection of judgments he had obtained for some 40 or 50 customers of PSB. Since PSB was no longer in business, Taylor notified those customers that he would now make the distributions for-

---

1. The facts demonstrated by the record in No. 8409 Civil Cases in the Circuit Court for Worcester County were succinctly summarized by Judge Bishop for the Court of Special Appeals in *Taylor v. Benjamin,* 55 Md.App. 597, 465 A.2d 1171 (1983) (certiorari denied 298 Md. 244, 469 A.2d 452). In the interest of brevity, we have "borrowed" liberally from Judge Bishop's opinion.

merly made by PSB. He continued to make collections and distributed 50% to the customer and 25% to himself. The remaining 25%, representing the amounts due PSB, he retained in an escrow account. His accounting, filed under oath in the Worcester County civil case, and admitted as genuine in this case by his failure to deny it, shows that he retained the sum of $25,200.00, which earned interest and dividends of $5,000.00, for a total of $30,200.00. These funds were periodically withdrawn from his escrow account and were either deposited in other accounts in his own name or were spent by him. Peninsula Bank, a creditor of PSB, filed attachment proceedings against the successors in interest to PSB, naming Taylor as garnishee, and Taylor was ordered by the Circuit Court to deliver the above assets to the Clerk of the Court for the benefit of the garnishor. After various other proceedings, including Taylor's incarceration for contempt of the Circuit Court, he paid into court the proceeds of a Nationwide Mutual Fund in the amount of $9,334.78, and a $5,000.00 bond issued by the Alaska Highway Authority, thus accounting for $14,334.78 of the funds due PSB. There has been no accounting as to the balance of the $30,200.00 retained.

## Conclusions of Law

The above facts clearly demonstrate that respondent has violated the following Disciplinary Rules as set forth in the Code of Professional Responsibility, Appendix F, of Maryland Rule 1230.

DR 1–102—Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law.

DR 9–102—Preserving Identity of Funds and Propert of a Client.

(A) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

We further find that the Respondent is in violation of Section 44(a)(1) of Article 10, Annotated Code of Maryland (1981 Replacement Volume, 1984 Cumulative Supplement), which states:

If any attorney is entrusted with, or receives and accepts, or otherwise holds, deposit moneys or other trust

moneys, of whatever kind or nature, such moneys, in the absence of court order to the contrary shall be expeditiously deposited in an account or accounts maintained as a separate account or accounts for funds belonging to others. In no event shall the attorney commingle any such funds with such attorney's funds or use any such funds for any purpose other than the purpose for which they were entrusted to the attorney.

## II

It is further alleged that Respondent is incompetent as defined in Rule BV1 h. We have found no evidence of addiction to or dependence upon any intoxicant or drug. In his statements to this Court in these proceedings, Respondent asserts various physical and psychological disabilities which he alleges contributed to his problems. If his testimony is accepted, he is indeed 'unable to render adequate legal service by reason of mental or physical illness.' In the absence of medical or other evidence, however, we are unable to say this allegation has been proven by clear and convincing evidence."

The Respondent took no exceptions to Judge Pollitt's findings. Bar Counsel has recommended disbarment as the appropriate disciplinary sanction, a recommendation with which we concur in view of the misappropriation of funds here involved. Taylor has not set forth any mitigating or extenuating circumstances and, therefore, disbarment follows as a matter of course. *See Attorney Griev. Comm'n v. Harper,* 300 Md. 193, 477 A.2d 756 (1984); *Attorney Griev. Comm'n v. Mason,* 295 Md. 49, 453 A.2d 143 (1982); *Bar Ass'n v. Marshall,* 269 Md. 510, 307 A.2d 677 (1973).[2]

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT,

---

**2.** Bar Counsel took exception to Judge Pollitt's finding of the amount which Taylor paid to the Clerk of the Court, contending that that amount was $13,889.31 and not $14,334.78 as found by Judge Pollitt. After reviewing the record, we sustain Bar Counsel's exception.

INCLUDING THE COSTS OF ALL TRANSCRIPTS, PUR-
SUANT TO MARYLAND RULE BV15 c FOR WHICH
SUM JUDGMENT IS ENTERED IN FAVOR OF THE
ATTORNEY GRIEVANCE COMMISSION AGAINST
PAUL B. TAYLOR.