505 A.2d 492

## ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

### Bernard BETTIS.

Misc. Docket (Subtitle BV) No. 27, Sept. Term, 1984.

Court of Appeals of Maryland.

March 5, 1986.

Melvin Hirshman, Bar Counsel and Walter D. Murphy, Jr., Asst. Bar Counsel, for Atty. Grievance Com'n.

No Appearance on Behalf of Respondent.

Argued Before SMITH, ELDRIDGE, COLE, RODOW-SKY, COUCH, McAULIFFE, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired, Specially Assigned).

McAULIFFE, Judge.

A Petition for Disciplinary Action was filed against Bernard Bettis on February 8, 1985. Bettis was served with a summons, and with copies of the petition and discovery documents, but failed to respond.[1] Following entry of an order of default and the giving of notice thereof to the respondent, Judge Raymond G. Thieme conducted a hearing on October 2, 1985, at which respondent did not appear.

The findings of fact made by Judge Thieme, to which no exception was taken, show that Bettis is guilty of multiple violations of disciplinary rules arising out of his handling of two separate matters. We summarize the findings in each.

### The Lunsford Guardianship

On February 5, 1976, the Superior Court of District of Columbia appointed Bettis as successor guardian of the estate of five minor children of Zelda Lunsford, deceased. At that time, Bettis was a member of the bar of this State and of the District of Columbia, and maintained an office for the practice of law in Silver Spring, Maryland. Thereafter, and until his removal as guardian in January of 1979,

---

1. Service upon the respondent was accomplished by a private person in Arlington, Virginia, and affidavits evidencing service were properly filed. Affidavits were also filed by a person identifying himself as Chester B. Smith, who contended that service had been made upon him rather than upon Bettis. Respondent has not filed any challenge to the service of process. Judge Thieme found from the evidence of record that proper service was made on the respondent, and we accept this finding.

Bettis converted to his own use funds received for the benefit of the estate, filed a false statement of account with the Superior Court of the District of Columbia, failed to maintain records of disbursements of estate funds, and commingled estate funds with his own.

The conversion of estate funds was accomplished by the failure to deposit in the guardianship account funds received for the benefit of the children, and by more than twenty separate withdrawals of funds from the account for the personal use of the respondent. The total defalcation amounted to more than $8,500.00 at one point, although respondent's final indebtedness to the estate was reduced in December of 1978 by his return of $7,050.00 to the account.

Judge Thieme found, and we agree, that by this conduct Bettis violated DR 1–102(A)(3), (4), and (6) (engaging in conduct involving dishonesty and moral turpitude, and conduct prejudicial to the administration of justice); DR 7–102(A)(5) (knowingly making a false statement of fact); DR 9–102(A) (commingling of funds); and DR 9–102(B)(3) (failure to maintain complete records of funds of a client coming into an attorney's possession).

### The Glaspie Case

In October of 1981 Willie Glaspie retained Bettis to represent him in an appeal from a finding of paternity and order for payment of support. Bettis filed a timely order for appeal, instructed Glaspie not to make support payments, and took no further action in the matter. Two months later the Court of Special Appeals dismissed the appeal because it had not been perfected. Although notice of the dismissal was sent to Bettis, he failed to notify Glaspie, or to instruct him to resume support payments. In June of 1982 Glaspie was found in contempt for non-payment of support and detained in the Prince George's County jail until payment of the amount in arrears.

We agree with Judge Thieme's findings that this conduct constituted violations of DR 6–101(A)(3) (neglect of a legal

matter entrusted to him) and DR 7–101(A)(2) (failure to carry out a contract of employment entered into with a client).

### Sanction

Disciplinary proceedings brought against the respondent in the District of Columbia and based upon the same allegations of misconduct resulted in respondent's disbarment by consent. Section 17 of Rule XI of the Rules Governing the Bar of the District of Columbia is similar to Maryland Rule BV12, and provides that an attorney consenting to disbarment while charges are pending against him acknowledges the truth of the material facts and his inability to successfully defend against them.

 We repeat what Judge Digges said for the Court in *Bar Ass'n. v. Marshall,* 269 Md. 510, 519, 307 A.2d 677 (1973):

> [I]t is essential that all members of the legal fraternity be strongly and constantly impressed with the truism that in handling moneys and properties belonging to their clients or others that they accept them in trust and are strictly accountable for their conduct in administering that trust, so they dare not appropriate those funds and properties for their personal use. The misappropriation by an attorney of funds of others entrusted to his care, be the amount small or large, is of great concern and represents the gravest form of professional misconduct. *Balliet v. Balto. Co. Bar Ass'n.,* 259 Md. 474, 479, 270 A.2d 465 (1970); *In the Matter of Lombard,* 242 Md. 202, 218 A.2d 208 (1966); *In Re Williams,* 180 Md. 689, 23 A.2d 7 (1941).

In the absence of extenuating circumstances disbarment is the appropriate sanction for an attorney converting the funds of a client to his own use. *Attorney Griev. Comm'n. v. Velasquez,* 301 Md. 450, 459, 483 A.2d 354 (1984); *Attorney Griev. Comm'n. v. Boehm,* 293 Md. 476, 481, 446 A.2d 52 (1982); *Attorney Griev. Comm'n. v. Pattison,* 292 Md.

599, 609, 441 A.2d 328 (1982); *Attorney Griev. Comm'n. v. Burka,* 292 Md. 221, 225, 438 A.2d 514 (1981). We find no extenuating circumstances in this case, and direct that the name of Bernard Bettis be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST BERNARD BETTIS.