510 A.2d 589

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Sidney L. BLOOM.**

**Misc. Docket (Subtitle BV), No. 7 Sept. Term, 1985.**

Court of Appeals of Maryland.

July 1, 1986.

Melvin Hirshman, Bar Counsel and Kendall Calhoun, Asst. Bar Counsel, for Attorney Grievance Com'n of Maryland.

Clifford R. Bridgford, Frederick, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

RODOWSKY, Judge.

This attorney disciplinary proceeding principally concerns misuse of client funds.

Bar Counsel, on behalf of the Attorney Grievance Commission, petitioned this Court for disciplinary action against Sidney L. Bloom (Bloom), a member of the Maryland Bar since December 11, 1970. We referred the matter to Judge William Cave of the Circuit Court for Montgomery County to whose findings Bloom has not excepted. Three different transactions are involved.

In 1977 Bloom, on behalf of a client, had started a mortgage foreclosure which the parties settled. Under their agreement Bloom, as trustee, held money of the debtor in a bank account as security for certain promises. On September 28, 1981, Bloom withdrew the entire account, over $6,000, without authorization and converted the funds to his own use. He thereby violated, as charged, DR 1–102(A)(3) (illegal conduct involving moral turpitude), DR 1–102(A)(4) (conduct involving dishonesty), and Md. Code (1957, 1981 Repl. Vol., 1985 Cum.Supp.), Art. 10, § 44 (attorney's duties as to escrow funds). The debtor discovered the defalcation in late 1982 and Bloom repaid the money in October 1983.

In March of 1982 Bloom undertook to represent Susan K. Stevens (Stevens) in divorce proceedings and accepted a $610 retainer. Bloom failed to take any action other than to file a bill of complaint more than one year later. Stevens had to engage new counsel, at an additional fee of $460. Bloom did not refund any portion of his fee. Judge Cave found Bloom's conduct adversely reflected on his fitness to practice law (DR 1–102(A)(6)), constituted neglect (DR 6–101(A)(3)), and had damaged Stevens (DR 7–101(A)(3)).

In the third of the transactions before us, Bloom wrote a personal check on September 3, 1983, in the amount of $2,868.03 to buy a personal computer knowing at the time there were insufficient funds in his account. Bloom was prosecuted and received probation before judgment under Md.Code (1957, 1982 Repl.Vol., 1985 Cum.Supp.), Art. 27, § 641. His conduct violated, *inter alia,* DR 1–102(A)(3) and (4).

Throughout the proceedings Bloom has fully admitted all the facts underlying these violations. He stopped practicing law when he was advised of the complaints against him. His counsel urges that we suspend Bloom indefinitely because the violations occurred during a period when Bloom suffered from depression resulting from substantial domestic turmoil. Witnesses who had known Bloom to be a conscientious attorney described his general deterioration and attributed it to his domestic problems. Judge Cave kept the record open to give Bloom the opportunity to obtain a psychiatric evaluation. That report concluded that Bloom was "somewhat depressed but not to psychotic proportions" and that he "does not suffer from a mental disorder of a sufficient intensity or severity as to preclude Mr. Bloom's responsibility."

This Court has stressed the magnitude of responsibility involved with the entrustment of client funds or property. *See, e.g., Attorney Grievance Commission v. Velasquez,* 301 Md. 450, 483 A.2d 354 (1984); *Attorney Grievance Commission v. Boehm,* 293 Md. 476, 446 A.2d 52 (1982); *Attorney Grievance Commission v. McBurney,* 283 Md. 628, 392 A.2d 81 (1978). Ordinarily, the sanction for misappropriation of a client's funds by an attorney is disbarment. Here there is no finding of a serious physical or mental illness which was a substantial cause of the conduct and which is sufficiently exculpatory to warrant not imposing the ultimate sanction of disbarment. *Cf. Attorney Grievance Commission v. Flynn,* 283 Md. 41, 387 A.2d 775 (1978).

**612**

Accordingly, we shall order that Sidney L. Bloom be disbarred and that his name be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV 15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SIDNEY L. BLOOM.