537 A.2d 269

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Michael P. TRILLING.**

**Misc. Docket (Subtitle BV) No. 11, Sept. Term, 1987.**

Court of Appeals of Maryland.

Feb. 24, 1988.

Melvin Hirshman, Bar Counsel for the Atty. Grievance Com'n of Maryland, for petitioner.

No appearance on behalf of respondent.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (Retired), Specially Assigned.

PER CURIAM.

The Attorney Grievance Commission filed in this Court a petition for disciplinary action against Michael P. Trilling. Mr. Trilling has been a member of the Maryland Bar since December 1973. Pursuant to Maryland Rule BV9, this Court transmitted the charges to the Circuit Court for Montgomery County for a hearing, and we designated Circuit Judge Richard B. Latham to hear the charges. Judge Latham's findings of fact are as follows:

"The Respondent, Michael P. Trilling, was served with a copy of the Petition for Disciplinary Action together with a copy of the Request for Admissions of Facts and Genuineness of Documents on July 27, 1987. Respondent did not answer the Petition for Disciplinary Action and on September 17, 1987, an Order of Default was entered against Respondent, and a notice of such default was sent to the Respondent by the Clerk of this Court on September 25, 1987, advising the Respondent that he might move to vacate the Order of Default within thirty (30) days of the date of the entry of the default.

"At the hearing of this matter Petitioner moved into evidence its Petition for Disciplinary Action, Request for Admission of Facts and Exhibits attached thereto which are

now deemed admitted pursuant to Rule 4–424(b) of the Maryland Rules of Procedure.

"The Court therefore finds, by clear and convincing evidence, and further based on the transcript of testimony at the Inquiry Panel which was also introduced by the Petitioner at this hearing, that Respondent, Michael P. Trilling, represented Jack Harris, Incorporated, a collection agency located in Lanham, Maryland. He was retained to pursue collection matters from debtors for amounts due creditor-clients of Jack Harris, Incorporated.

"Respondent would forward to Virginia counsel claims which were required to be pursued in the State of Virginia.

"Dale E. Sanders, Esquire, was a member of the Virginia Bar to whom Mr. Trilling would forward claims in that State. He pursued two matters, one on behalf of United National Bank and one on behalf of the Giant Food Federal Credit Union in which sums collected were forwarded to Mr. Trilling. Mr. Sanders forwarded the sum of $3,204.73 in a matter involving United National Bank vs. Rodriguez and the sum of $717.66 to Mr. Trilling in the matter of Giant Food Federal Credit Union v. Clarence Brooks. The Respondent, Trilling, placed those sums in his escrow account.

"In the early part of 1985 the creditors sought an accounting of funds which had been collected since they had been notified by the debtors that payment in full had been made. Dale Sanders, Esquire, Virginia counsel, filed a complaint with the Attorney Grievance Commission on July 30, 1985, in which he provided copies of cancelled checks as evidence that money which he had collected had in fact been forwarded by him to Respondent and that Respondent had deposited those sums in his escrow account. Evidence of receipt by Respondent of these sums and the account in which they were deposited are attached to the Request for Admissions filed by Petitioner constituting Exhibit 4 and its various sub-parts.

"Admission 8b, unanswered by Respondent, indicates that between the period June 20, 1982, and February 15, 1985,

the funds collected by Virginia counsel were received by Respondent Trilling and deposited in his escrow account and aggregated the total of $3,204.73 (Admission 8cc) being sums collected in the case of *United National Bank v. Rodriguez* and the sum of $717.66 (Admission 8qq) being sums collected in the *Giant Food Federal Credit Union v. Brooks.*

"The Court finds that the aggregated sum payable to Respondent's client, Jack Harris, Inc., was the sum of $3,824.33 as of May 31, 1985, and was not transmitted by Respondent to Jack Harris, Inc. or any creditor-client. Exhibit 7, attached to the Request for Admissions, analyzes Respondent's escrow account, that being done by Colonel K.W. Watkins, an Investigator with Petitioner, the Attorney Grievance Commission. That analysis shows that at no time between May 21, 1984, and May 31, 1985, did Respondent maintain a sufficient balance in his escrow account to pay the sums held on behalf of his client. Indeed, as indicated by Exhibit 6, eighty-two checks drawn on the escrow account between May 1984 and May 1985 show that 62 of those checks were payable to Respondent and 20 were payable to the general account of 'Weisfeld and Trilling,' the name in which Respondent conducted his law practice. Those personal withdrawals from the escrow account by Respondent caused the escrow account to fall below the balance due which Respondent should have held for his client. Indeed, as reflected in Request for Admission 8qqq Respondent used, for his personal expenses, a minimum of $308.94 as of February 28, 1985, which money was the property of his client. Checks written by Respondent from his escrow account were, besides those payable to himself, payable to various payees for rent, co-counsel fees, and the Internal Revenue Service. The Court specifically further finds that by May 31, 1985, Respondent had received $3,922.39 into his escrow account of which at least $3,824.33 was due his client, the balance being due Respondent for his legal services. The escrow account balance as of May 31,

1985, was $1,123.61 which reflected a shortage of $2,700.72."

Judge Latham concluded, *inter alia*, that Mr. Trilling had violated the following Disciplinary Rules of the Code of Professional Responsibility: DR 1–102(A)(3), (4), (5); DR 9–102(A)(1), (2); DR 9–102(B)(1), (3), (4). These rules are as follows:

"DR 1–102   Misconduct.

(A) A lawyer shall not:

\*        \*        \*        \*        \*        \*

(3) Engage in illegal conduct involving moral turpitude.

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

\*        \*        \*        \*        \*        \*

"DR 9–102   Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or a law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay bank charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

(1) Promptly notify a client of the receipt of his funds, securities, or other properties.

*    *    *    *    *    *

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

Judge Latham further concluded that Mr. Trilling had violated Maryland Code (1957, 1987 Repl.Vol.), Art. 10, § 44. The Judge found no extenuating or mitigating circumstances.

No exceptions have been filed to Judge Latham's findings and conclusions. In light of these findings and conclusions, the appropriate sanction is disbarment. *See, e.g., Attorney Griev. Comm'n v. Mazelis,* 309 Md. 50, 522 A.2d 913 (1987); *Attorney Griev. Com'n v. Goldberg,* 307 Md. 546, 515 A.2d 765 (1986); *Attorney Griev. Comm'n v. Morehead,* 306 Md. 808, 511 A.2d 520 (1986); *Attorney Griev. Comm'n v. Marano,* 306 Md. 792, 511 A.2d 512 (1986); *Attorney Griev. Comm'n v. Bloom,* 306 Md. 609, 510 A.2d 589 (1986); *Attorney Griev. Comm'n v. Bettis,* 305 Md. 452, 505 A.2d 492 (1986); *Attorney Griev. Comm'n v. Cockrell,* 304 Md. 379, 499 A.2d 928 (1985); *Attorney Griev. Comm'n v. Taylor,* 304 Md. 114, 497 A.2d 1137 (1985); *Attorney Griev. Comm'n v. Short,* 303 Md. 317, 321–322, 493 A.2d 362 (1985), and cases there cited.

Accordingly, we direct that Michael P. Trilling be forthwith disbarred from the practice of law in this State, and that his name be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSU-

ANT TO MARYLAND RULE BV15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST MICHAEL P. TRILLING.