665 A.2d 1059

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Arthur L. WILLCHER.

Misc. (Subtitle BV), No. 28, Sept. Term, 1982.

Court of Appeals of Maryland.

Oct. 13, 1995.

Melvin Hirshman, Bar Counsel, for the Attorney Grievance Commission of Maryland.

No argument on behalf of respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against respondent Arthur L. Willcher alleging violations of the Maryland Code of Professional Responsibility, specifically Disciplinary Rules 1–102 (Misconduct), 2–106 (Fees for Legal Services), and 7–102 (Representing a Client Within the Bounds of the Law).[1] Bar Counsel recommends that respondent be disbarred from the practice of law.

This petition was originally filed in 1982, following respondent's disbarment by the District of Columbia. *In the Matter of Arthur L. Willcher*, 447 A.2d 1198 (D.C.App.1982). Despite repeated efforts to serve process on respondent, however, service was not accomplished until January 6, 1995. At that time, Bar Counsel filed a new petition for disciplinary action. Pursuant to Maryland Rule BV9 b, we referred this matter to Judge Richard H. Sothoron, Jr. of the Circuit Court for Prince George's County, to make findings of fact and conclusions of law in accordance with Maryland Rule BV11 a. Respondent failed to answer or appear in this action. Judge Sothoron concluded that the respondent had violated Disciplinary Rules 1–102(A)(3), (4), (5), (6), 2–106(A), and 7–102(A)(8).

---

1. The Maryland Code of Professional Responsibility was replaced by the Maryland Lawyers' Rules of Professional Conduct (1995 Repl.Vol.) effective January 1, 1987.

## I.

On May 25, 1995, Judge Sothoron made the following findings of fact and conclusions of law.

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

The Respondent, Arthur L. Willcher, after efforts were made over a lengthy period of time, was located and served with the Petition for Disciplinary Action in the above-captioned matter on January 6, 1995. Although the order accompanying the petition provided that the Respondent, Arthur L. Willcher, was to respond to the charges within fifteen (15) days of service upon him the Summons attached by the Clerk of the Circuit Court of Prince George's County advised that the Respondent had sixty (60) days after service of summons to answer the matter.

On March 8, 1995 the period of sixty (60) days expired. Petitioner filed a Motion for Order of Default accompanied by a Military Service Affidavit. This Court, on the 15th of March, 1995 entered an Order of Default and provided that the Clerk of the Circuit Court of Prince George's County notify the Respondent of the Order of Default and that he could move to vacate the order within thirty (30) days after entry.

The Clerk of the Circuit Court for Prince George's County issued the notice to Arthur L. Willcher at the address where service of process of the Petition for Disciplinary Action was made.

Maryland Rule 2–323(e) provides that averments in a pleading to which a responsive pleading is required, other than those as to the amount of damages, are admitted unless denied in a responsive pleading or covered by a general denial.

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW

The Court, therefore, makes the following Findings of Fact and Conclusions of Law.

1. The Respondent was admitted as a member of the bar of the State of Maryland on November 30, 1959.

2. On July 2, 1982 the District of Columbia Court of Appeals in an Opinion and Order, attached to the Petition for Disciplinary Action and entitled: *In the Matter of Arthur L. Willcher*, 447 A.2d 1198 (1982) disbarred Arthur L. Willcher, the Respondent, from the practice of law in the District of Columbia. The Respondent was appointed, pursuant to law, to represent an indigent defendant, Ferdinand Diaz, on felony charges, but first demanded $500.00 and then $1,000.00 from Diaz and his parents in return for his services, a practice prohibited under Section 11–2606(b) D.C.Code, 1978 Supp.

3. The Respondent, Arthur L. Willcher, was convicted by a jury in the Superior Court of the District of Columbia of unlawful solicitation of money from an indigent whom he had been appointed to represent under the Criminal Justice Act in violation of Section 11–2606(b), D.C.Code 1978 Supp. (now D.C.Code 1981, Section 11–2606(b)).

4. This conviction was affirmed on appeal in *Willcher v. United States*, 408 A.2d 67 (D.C.App.1979).

5. At the time of the aforesaid conviction, the Respondent was already under a five-year suspension for 12 counts of misconduct by the District of Columbia Court of Appeals, *In Re Willcher*, 404 A.2d 185 (D.C.App.1979).

6. The conviction of the Respondent for the unlawful solicitation of money from an indigent defendant was held by the District of Columbia Court of Appeals to constitute a crime of moral turpitude. *Matter of Willcher*, 447 A.2d 1198 (D.C.App.1982).

7. By Order of the Court of Appeals of Maryland, February 11, 1980, Respondent was suspended for an indefinite period from the practice of law in Maryland. See: *Attorney Grievance Commission of Maryland v. Willcher*, 287 Md. 74, 411 A.2d 83 (1980).

The Court concludes as a matter of law from the above Findings of Fact that the Respondent did unethically and

unprofessionally violate the following Disciplinary Rules of the Code of Professional Responsibility in effect at the time of the Respondent's misconduct. Those rules were as follows: Disciplinary Rule 1–102(A)(3), (4), (5), (6) which prohibit a lawyer from engaging in illegal conduct involving moral turpitude; conduct which involves dishonesty, fraud, deceit or misrepresentation; prohibits an attorney from engaging in conduct prejudicial to the administration of justice; and prohibits an attorney from engaging in other conduct that adversely reflects upon his fitness to practice law. The Respondent further violated Disciplinary Rule 2–106(A) which prohibits an attorney from engaging in an agreement for, charge or collect an illegal, or clearly excessive fee. Finally, the Respondent violated Disciplinary Rule 7–102(A)(8) by his engaging, while representing a client, in other illegal conduct or conduct contrary to a disciplinary rule.

## II.

There is no issue as to the guilt of respondent. Under Maryland Rule BV10 e 1, "a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of that crime" and "a final adjudication in a disciplinary proceeding by a judicial tribunal or a disciplinary agency ... that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule." [2] The only issue before this Court is the appropriate sanction to be imposed. *See Attorney Griev. Comm'n v. Sparrow,* 314 Md. 421, 550 A.2d 1150 (1989). *See also Attorney Griev. Comm'n v. Moore,* 301 Md. 169, 482 A.2d 497 (1984).

In cases of reciprocal discipline where both Maryland and the District of Columbia have addressed the same instanc-

---

**2.** The District of Columbia Court of Appeals decision in the disciplinary action against Willcher was a final judgment since he did not appeal the decision.

es of attorney misconduct, Maryland has frequently, though not always, imposed the same sanctions as the District of Columbia. *See, e.g., Attorney Griev. Comm'n v. Bettis,* 305 Md. 452, 505 A.2d 492 (1986); *Moore,* 301 Md. 169, 482 A.2d 497; *Attorney Griev. Comm'n v. Rosen,* 301 Md. 37, 481 A.2d 799 (1984). Maryland does not, however, automatically impose the same sanction as its sister states in all cases of reciprocal discipline. *Attorney Griev. Comm'n v. Parsons,* 310 Md. 132, 527 A.2d 325 (1987) (Maryland imposed a 90–day suspension for misconduct that the District of Columbia had sanctioned with a 6–month suspension). As this Court stated in *Parsons,* 310 Md. at 142, 527 A.2d at 330:

> When the Court considers the appropriate sanction in a case of reciprocal discipline, we look not only to the sanction imposed by the other jurisdiction but to our own cases as well. The sanction will depend on the unique facts and circumstances of each case, but with a view toward consistent dispositions for similar misconduct.

■ The respondent's conviction is one infected with fraud, deceit and dishonesty. The basis of his misconduct is detailed in the opinion and order of the District of Columbia Court of Appeals. *See In the Matter of Willcher,* 447 A.2d 1198 (1982). He was convicted of unlawful solicitation of money from an indigent whom he was appointed to represent under the Criminal Justice Act (CJA). D.C.Code (1978 Supp.) §§ 11–2601 to 2606. His conviction was affirmed on appeal. *Willcher v. United States,* 408 A.2d 67 (D.C.App.1979). This offense is one inherently involving moral turpitude because, as the District of Columbia court found, "unlawful solicitation of money from an indigent client by an attorney appointed under the CJA ... is always a fraud on the client ... and on the judicial system." *In the Matter of Willcher,* 447 A.2d at 1200.

■ This Court has consistently stated that offenses infected with fraud, deceit, and dishonesty will result in disbarment in the absence of evidence of compelling reasons to the contrary. *Attorney Griev. Comm'n v. Powell,* 328 Md. 276, 292, 614 A.2d 102, 110 (1992) (quoting *Attorney Griev.*

*Comm'n v. Ezrin,* 312 Md. 603, 608–09, 541 A.2d 966, 969 (1988)). *See also Attorney Griev. Comm'n v. Casalino,* 335 Md. 446, 644 A.2d 43 (1994); *Attorney Griev. Comm'n v. Boehm,* 293 Md. 476, 446 A.2d 52 (1982). Since there is no evidence of compelling or extenuating circumstances, we hold that disbarment is the appropriate sanction.

*IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST ARTHUR L. WILLCHER.*