ATTORNEY GRIEVANCE COMMISSION OF
MARYLAND v. FRANK J. SAMSTAG
a/k/a Frank J. Samstag, Jr.
[Misc. (BV) No. 23, September Term, 1982.]
*Decided May 4, 1983.*

The cause was argued before MURPHY, C. J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

*Glenn M. Grossman, Assistant Bar Counsel,* with whom was *Melvin Hirshman, Bar Counsel,* on the petition, for petitioner.

No appearance on behalf of respondent.

PER CURIAM

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action pursuant to

Maryland Rule BV9 against Frank J. Samstag, alleging violations of the Disciplinary Rules of the Code of Professional Responsibility. The matter was referred to Judge Audrey E. Melbourne of the Circuit Court for Prince George's County to make findings of fact and conclusions of law pursuant to Maryland Rule BV10. At the hearing before Judge Melbourne, evidence was adduced showing that the Supreme Court of California disbarred Samstag, effective March 19, 1982, for having wilfully misappropriated the approximate sum of $30,000 entrusted to him in a fiduciary capacity and for having wilfully misappropriated to his own use and purpose the additional sum of $7,500

Maryland Rule BV10 e 1 provides that "[a] final adjudication by a judicial tribunal in a disciplinary proceeding that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule." Bar Counsel's petition for disciplinary action asserted that Samstag's misconduct violated DR 1-102(A)(1), (3), (4), (5), and (6).[1] Judge Melbourne concluded in her findings that Bar Counsel's charges were established by the evidence. Samstag did not file any exceptions to Judge Melbourne's findings. Bar Counsel has recommended that Samstag be disbarred, there being no compelling extenuating circumstances shown by the record.

After carefully considering the matter we conclude that the appropriate sanction for Samstag's misconduct is disbarment. *See Attorney Griev. Comm'n v. Boehm*, 293 Md.

---

1. DR 1-102(A) provides, insofar as pertinent, as follows:
   "(A) A lawyer shall not:
   (1) Violate a Disciplinary Rule.
   (2) . . .
   (3) Engage in illegal conduct involving moral turpitude.
   (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
   (5) Engage in conduct that is prejudicial to the administration of justice.
   (6) Engage in any other conduct that adversely reflects on his fitness to practice law."

476, 446 A.2d 52 (1982); *Attorney Griev. Comm'n v. Pattison,* 292 Md. 599, 441 A.2d 328 (1982); *Attorney Griev. Comm'n v. Burka,* 292 Md. 221, 438 A.2d 514 (1981).

> *It is so ordered; respondent shall pay all costs as taxed by the Clerk of this Court, including the costs of all transcripts, pursuant to Maryland Rule BV15 c for which sum judgment is entered in favor of the Attorney Grievance Commission against Frank J. Samstag.*