515 A.2d 765

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Bernard Francis GOLDBERG.**

**Misc. Docket (Subtitle BV) No. 50, Sept. Term, 1985.**

Court of Appeals of Maryland.

Oct. 8, 1986.

Melvin Hirshman, Bar Counsel and Walter D. Murphy, Jr., Asst. Bar Counsel, for petitioner Attorney Grievance Com'n of Maryland.

No appearance on behalf of respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH, McAULIFFE and ADKINS, JJ.

RODOWSKY, Judge.

This attorney disciplinary proceeding concerns the misappropriation of substantial amounts of client funds.

Bar Counsel, on behalf of the Attorney Grievance Commission, petitioned this Court for disciplinary action against Bernard F. Goldberg (Goldberg), a member of the Maryland Bar since June 28, 1951. We referred the charges to Judge James C. Cawood, Jr. of the Circuit Court for Anne Arundel County for findings of fact. Two separate transactions are involved.

In the spring of 1984 Goldberg represented Mr. Sol Sheintal of Florida in the negotiation and sale of certain realty to the City of Frederick. The purchase price of $1,888,825 was paid in installments with checks drawn solely to the order of Goldberg. Goldberg deposited these checks into a personal or business account and converted to his own use substantial amounts of this money. In January 1985 Goldberg remitted $1,400,000 to Sheintal but the net balance due to the client, of at least $388,825, is still outstanding. Goldberg thereby violated, as charged, DR 1–102(A)(1), (3), (4), (5), and (6), DR 7–101(A)(2) and (3), DR 7–102(A)(3), (5), and (8), DR 9–102(A)(1) and (2), and DR 9–102(B)(1), (2), (3), and (4).

In the spring of 1985 Goldberg, acting as settlement officer for a title company, conducted a residential real estate settlement. The buyers, Mr. and Mrs. Larry E. Horsey, had financed the transaction through a mortgage company which issued the loan proceeds of $58,905.41 by check made payable solely to the order of Goldberg. Goldberg deposited the check to his personal or office account and converted all, or substantial amounts, of the money to his own use. Goldberg's checks to the sellers for the net proceeds and to the realtors for commissions were returned for insufficient funds. He failed to pay off the existing mortgage on the property. In this transaction Goldberg violated, as charged, DR 1–102(A)(1), (3), (4), (5), and (6), DR 7–101(A)(2) and (3), DR 7–102(A)(3), (5), and (8), DR 9–102(A)(1) and (2), and DR 9–102(B)(1), (2), (3), and (4).

Misappropriation by an attorney of the funds of others entrusted to him is a most grave form of professional misconduct. Absent compelling extenuating circumstances the sanction for such misconduct is generally disbarment. *See Attorney Grievance Commission v. Velasquez*, 301 Md. 450, 483 A.2d 354 (1984); *Attorney Grievance Commission v. Boehm*, 293 Md. 476, 446 A.2d 52 (1982); *Attorney Grievance Commission v. Pattison*, 292 Md. 599, 441 A.2d 328 (1982); *Attorney Grievance Commission v. Burka*, 292 Md. 221, 438 A.2d 514 (1981); *Attorney Grievance Commission v. McBurney*, 283 Md. 628, 392 A.2d 81 (1978). Here there is no finding of any compelling extenuating circumstances and Goldberg has not taken any exceptions to Judge Cawood's findings.

Accordingly, we shall order that Bernard F. Goldberg be disbarred and that his name be stricken from the rolls of those authorized to practice law in this State.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV 15 c, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST BERNARD F. GOLDBERG.