528 A.2d 481

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Timothy Charles MILLER.**

**Misc. Docket (Subtitle BV) No. 49, Sept. Term, 1985.**

Court of Appeals of Maryland.

July 29, 1987.

government business. Nevertheless, the Court held that tax immunity was inappropriate.

Melvin Hirshman, Bar Counsel and Kendall R. Calhoun, Asst. Bar Counsel, for Atty. Grievance Com'n of Maryland.

Herbert A. Dubin, Silver Spring, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH,* McAULIFFE and ADKINS, JJ.

---

* Couch, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled

ELDRIDGE, Judge.

The Attorney Grievance Commission, by Bar Counsel, filed in this Court a petition for disciplinary action against Timothy Charles Miller. Mr. Miller has been a member of the Maryland Bar since December 1973, and he maintains an office for the practice of law in Wheaton, Maryland. In accordance with Maryland Rule BV9, this Court transmitted the charges to the Circuit Court for Montgomery County for a hearing, and we designated Circuit Judge William M. Cave to hear the charges. After a hearing, at which several witnesses testified and numerous exhibits were filed, Judge Cave made the following findings of fact and conclusions of law:

## "FINDINGS OF FACT AND CONCLUSIONS OF LAW

"This matter comes before the Court on the Petition of the Attorney Grievance Commission of Maryland for Disciplinary Action against Timothy Charles Miller. The Petition alleges that the Respondent did unethically and unprofessionally violate:

'DR 1–102 Misconduct.

    (A) A lawyer shall not:

        (1) Violate a Disciplinary Rule.

        (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

        (5) Engage in conduct that is prejudicial to the administration of justice.

        (6) Engage in any other conduct that adversely reflects on his fitness to practice law.

'DR 5–101 Refusing Employment When the Interests of the Lawyer May Impair his Independent Professional Judgment.

    (A) Except with the consent of his client after full disclosure, a lawyer shall not accept employ-

---

pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

ment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests.

'DR 5–105 Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer.

(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, except to the extent permitted under DR 5–101(C).

(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by his representation of another client, except to the extent permitted under DR 5–105(C).

(C) In the situations covered by DR 5–105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

(D) If a lawyer is required to decline employment or to withdraw from employment under DR 5--105, no partner or associate of his or his firm may accept or continue such employment.'

"The misconduct alleged in the Petition arises out of a finding by the Interstate Commerce Commission on April 11, 1984, which reprimanded and suspended the Respondent from practice before that administrative body for a period of six months.

"The Office of Compliance and Consumer Assistance of the Interstate Commerce Commission instituted a proceeding to determine whether or not the Respondent, Timothy Miller, along with another attorney, Theodore Polydoroff, had violated the Canons of the Code of Ethics for Practitioners before the Commission. On July 14, 1983, the Administrative Law Judge before whom the proceedings were held found that the Respondents had not violated the Commission's Code of Ethics and ordered the proceedings discontinued.

"Gardner Trucking Company, Inc. was permitted to intervene and take an appeal before the Interstate Commerce Commission. The Interstate Commerce Commission, after an extremely lengthy hearing, reversed the decision of the Administrative Law Judge and found that the Respondent had violated the Code of Ethics for Practitioners before the Commission in that he had violated the conflict of interests prohibition in Canon 9 and the duty of fidelity to a private trust contained in Canon 7.

"The threshold issue is whether or not the findings by the ICC constitute a final adjudication by a judicial tribunal. Maryland Rule BV10 e provides that a final judgment by a judicial tribunal in which an attorney is convicted of a crime shall be conclusive proof of the guilt for the purpose of the disciplinary proceeding. In addition, it provides:

'A final adjudication in a disciplinary proceeding by a judicial tribunal or a disciplinary agency appointed by or acting at the direction of a judicial tribunal that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule.'

"The Interstate Commerce Commission is an administrative agency, not a judicial tribunal nor a disciplinary agency appointed by or acting at the direction of a judicial tribunal.

"Bar counsel suggests that since the matter reached the United States Court of Appeals for the District of Columbia which affirmed the finding by the ICC of misconduct, it is

tantamount to a finding by a judicial tribunal. If it is, then it is conclusive proof in this proceeding of the misconduct found. *Attorney Grievance Commission v. Samstag*, 296 Md. 64, 458 A.2d 1241 (1983); *Attorney Grievance Commission v. Moore*, 301 Md. 169, 482 A.2d 497 (1984).

"Rule BV10 d requires that factual findings shall be supported by clear and convincing evidence. The burden of proof to establish misconduct before the ICC is by a preponderance of the evidence. Respondent, therefore, argues that the decision by the ICC should not be accorded the conclusive proof finding to which a judicial tribunal is entitled. Some states require only a preponderance of the evidence for lawyer disciplinary proceedings. The BV Rules nor the appellate decisions of this state make no distinction between the final determinations by a judicial tribunal in states requiring clear and convincing evidence and those which require only a preponderance of the evidence. It would appear that the clear and convincing evidence test applies to proof in this hearing of the adjudication by the judicial tribunal in the prior proceeding.

"This Court has reviewed the portions of the transcripts and the exhibits submitted by the Respondent from the ICC hearing. Bar counsel was also afforded the opportunity to submit any additional exhibits or portions of the transcripts bearing on the Respondent, Timothy Miller. Several aspects of the ICC hearing and determination cause this Court grave concern with respect to the ultimate findings. Theodore Polydoroff and Timothy C. Miller were both represented by the same attorney, Joseph G. Dail, Jr. The main thrust of the defense was that the actions of Polydoroff did not violate the Canons of the Code of Ethics for Practitioners before the Commission.

"Gardner Trucking Company, Inc. was the client that the ICC found to be the subject of the violation of the duty of fidelity to a private trust and the conflict of interests. Respondent Miller, however, never represented Gardner Trucking Company, Inc. It is clear to this Court that there is no underlying factual basis for the finding by the ICC of

misconduct by Respondent Miller. It is apparent that the Commission lumped the two of them together, and whatever finding of misconduct was against Polydoroff was applied equally to Respondent Miller.

"Respondent Miller was representing JMI as his client. There is no suggestion that he did not effectively represent JMI or that his association with Polydoroff in any way adversely affected that representation. No violation of DR 5–101 has been shown. Likewise, there is no evidence to suggest a violation of DR 5–105 (A), (B) or (C). If the determination by ICC is conclusive, then it might be argued that DR 5–105(D) was violated. That Rule provides:

'If a lawyer is required to decline employment or to withdraw from employment under DR 5–105, no partner or associate of his or his firm may accept or continue such employment.'

"No finding was made by the ICC that at the time that Respondent was representing JMI he was an associate or partner of Polydoroff. Indeed, all of the evidence is to the contrary. It is apparent that the ICC thought that Respondent Miller's use of his home address was an effort to deceitfully hide from Gardner his representation of JMI. That finding might suggest that the ICC did not believe Respondent Miller's contention that he was an independent contractor, could not practice in Virginia, and that in fact his office was in his home. No specific finding was made in that regard, and the facts support the truth of Respondent Miller's contention. No violation of DR 5–105(D) appears to have occurred since the relationship of Miller to Polydoroff was that of independent contractor.

"If the findings of misconduct by the ICC are determined to be conclusive evidence, then it must follow that there has been a violation of DR 1–102, which provides in pertinent part:

'DR 1–102 Misconduct.

(A) A lawyer shall not:

> (5) Engage in conduct that is prejudicial to the administration of justice.
>
> (6) Engage in any other conduct that adversely reflects on his fitness to practice law.'

DR 1–102 also provides that a lawyer shall not:

> '(1) Violate a Disciplinary Rule.
>
> (4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.'

Since the Canons which the ICC found to be violated are not disciplinary rules under DR 1–102, no violation has occurred except for prohibitive acts under subparagraphs (5) and (6).

"Nowhere in the determination by the ICC is there a finding that Respondent Miller engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Consequently no violation of that Rule could be found.

"It is the conclusion of this Court that in the event that the determination by the ICC is found to be an adjudication in a disciplinary proceeding amounting to conclusive proof of misconduct, it would result in a miscarriage of justice and unfairness to Respondent Miller."

The respondent Miller has filed no exceptions to Judge Cave's findings and conclusions. He recommends, based on the findings and conclusions, that we dismiss the petition for disciplinary action.

Bar Counsel has taken no exceptions to Judge Cave's findings of fact. Bar Counsel does, however, except to Judge Cave's apparent conclusion of law that, under the language of Rule BV10.e.1, the opinion of the United States Court of Appeals for the District of Columbia Circuit, affirming the Interstate Commerce Commission's decision, does not constitute a "final adjudication in a disciplinary proceeding by a judicial tribunal ... that an attorney has been guilty of misconduct." Bar Counsel argues that, within the meaning of Rule BV10.e.1, the United States Court of Appeals' opinion is a "final adjudication in a disciplinary proceeding by a judicial tribunal" of attorney misconduct. Therefore, under Bar Counsel's argument,

Rule BV10.e.1 makes the "finding of misconduct" in the Court of Appeals' opinion "conclusive proof of the misconduct" in this proceeding. Based on the "conclusive proof of misconduct" as a matter of law, Bar Counsel urges that the petition not be dismissed. Instead, Bar Counsel recommends a "suspension of the length issued by the ICC" because, according to Bar Counsel, we have often in the past "followed a sanction issued by a sister jurisdiction when proceedings have followed in Maryland."

Consequently, the sole issue before us concerns the interpretation of Rule BV10.e.1. That Rule provides as follows (emphasis added):

"1. Proof of Guilt.

"In a hearing of charges pursuant to this Rule, a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of that crime. A plea or verdict of guilty, or a plea of *nolo contendere* followed by a fine or sentence, is a conviction within the meaning of this Rule. *A final adjudication in a disciplinary proceeding by a judicial tribunal or a disciplinary agency appointed by or acting at the direction of a judicial tribunal that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule.*"

Bar Counsel concedes that the Interstate Commerce Commission, in its disciplinary proceeding against Mr. Miller, was not acting as "a disciplinary agency appointed by or acting at the direction of a judicial tribunal" within the meaning of the third sentence of Rule BV10.e.1. As previously discussed, however, Bar Counsel asserts that the opinion of the United States Court of Appeals for the District of Columbia Circuit, in *Polydoroff v. I.C.C.*, 773 F.2d 372 (D.C.Cir.1985), is a "final adjudication in a disciplinary proceeding by a judicial tribunal" of attorney misconduct. We disagree. The Court of Appeals' opinion in

*Polydoroff v. I.C.C., supra,* is not encompassed by the Rule.

The proceeding before the United States Court of Appeals was not a "disciplinary proceeding by a judicial tribunal." The decision of the federal appellate court was not an "adjudication" by that court that the attorneys were guilty of misconduct. While the matter before the Interstate Commerce Commission was a disciplinary proceeding, the case before the United States Court of Appeals was a judicial review action under the federal Administrative Procedure Act, 5 U.S.C. §§ 701–706. Unlike the present case before this Court, the question to be decided by the United States Court of Appeals in *Polydoroff* was not whether an attorney was guilty of misconduct and should be disciplined. Instead, the question before the federal court was whether the decision of the Interstate Commerce Commission was "arbitrary, capricious, an abuse of discretion, ... not in accordance with law; ... contrary to constitutional right ...; in excess of statutory jurisdiction ...; [or] unsupported by substantial evidence...." 5 U.S.C. § 706. *See, e.g., Illinois Central R. Co. v. Norfolk & Western Ry. Co.,* 385 U.S. 57, 66, 87 S.Ct. 255, 260, 17 L.Ed.2d 162 (1966) ("The test on judicial review is, of course, whether the action of the [Interstate Commerce] Commission is supported by 'substantial evidence' "). The final adjudication in *Polydoroff* was not that Mr. Miller was guilty of misconduct. Rather, it was as follows (773 F.2d at 375):

"We find the Commission's decision to reprimand and suspend well within its discretion and we dismiss the petition for review."

The opinion of the United States Court of Appeals in *Polydoroff v. I.C.C.* was clearly not the type of adjudication by a judicial tribunal contemplated by the language of Rule BV10.e.1.

PETITION FOR DISCIPLINARY ACTION DISMISSED. ATTORNEY GRIEVANCE COMMISSION TO PAY COSTS.