583 A.2d 724

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Fred KOLODNER.

Misc. (Subtitle BV) No. 41, Sept. Term, 1989.

Court of Appeals of Maryland.

Jan. 9, 1991.

Glenn M. Grossman, Asst. Bar Counsel, Annapolis, for Atty. Grievance Com'n of Maryland.

No argument on behalf of respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW and KARWACKI, JJ., and (CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned).

PER CURIAM.

On January 28, 1990 the Attorney Grievance Commission, acting through Bar Counsel, filed a disciplinary petition

against Fred Kolodner, alleging multiple violations of the Rules of Professional Conduct, the Code of Professional Responsibility, and Maryland Code (1987 Repl.Vol.), Art. 10, § 44. These alleged violations focused upon misappropriation, conversion, and commingling of client funds by Kolodner for periods commencing after September, 1987. We referred the matter, pursuant to Md.Rule BV 9b, to Judge James T. Smith, Jr. of the Circuit Court for Baltimore County to make findings of fact and conclusions of law.

At the time the disciplinary petition was filed, Kolodner was under indefinite suspension from the practice of law for earlier disciplinary infractions which were found to have been causally related to his alcoholism. *See Attorney Griev. Comm'n v. Kolodner,* 317 Md. 507, 564 A.2d 1180 (1989); *Attorney Griev. Comm'n v. Kolodner,* 316 Md. 203, 557 A.2d 1332 (1989). *See also Attorney Griev. Comm'n v. Kolodner,* Misc.Docket (BV) No. 31, September Term, 1988 (unreported), filed February 28, 1990.

Kolodner did not appear at the hearing before Judge Smith. Extensive findings of fact and conclusions of law were filed by Judge Smith; he determined, by clear and convincing evidence, that Kolodner's misappropriation, conversion and commingling of client funds violated DR 1–102 and 9–102, Rules 1.15, 8.1, and 8.4, and Art. 10, § 44.

According to evidence adduced in earlier cases involving Kolodner's disciplinary infractions, Kolodner ceased drinking after September, 1987. Judge Smith found that Kolodner's misconduct occurred after this date, was willful, and that there was no causal relation between the misconduct in the present case and alcoholism.

By an exception taken by Kolodner to Judge Smith's findings, he claimed that his misconduct was not willful and was in fact caused by alcoholism. Bar Counsel, in recommending disbarment for Kolodner's disciplinary infractions, agreed with Judge Smith's findings. Moreover, he asserts that the evidence does not disclose any extenuating circumstances for Kolodner's misconduct. We agree and accept

Judge Smith's findings, as well as Bar Counsel's recommendation for sanction. Accordingly, we forthwith order Kolodner's disbarment. *See Attorney Griev. Comm'n v. Goldberg*, 307 Md. 546, 515 A.2d 765 (1986); *Attorney Griev. Comm'n v. Pattison*, 292 Md. 599, 608–10, 441 A.2d 328 (1982); *Bar Association v. Marshall*, 269 Md. 510, 518–19, 307 A.2d 677 (1973).[1]

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST FRED KOLODNER.

---

1. Judge Smith's lengthy findings of fact and conclusions of law are not appended to this opinion; they are, however, available for review in the Office of the Clerk of the Court of Appeals.