481 A.2d 799

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

**v.**

**Sol Zalel ROSEN.**

**Misc. Docket (Subtitle BV) No. 5 Sept. Term, 1984.**

Court of Appeals of Maryland.

Oct. 2, 1984.

38

Submitted to MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and JAMES C. MORTON, Jr., Associate Judge of the Court of Special Appeals (retired), Specially Assigned.

PER CURIAM:

The Attorney Grievance Commission, acting through Bar Counsel, filed a petition for disciplinary action against Sol Zalel Rosen, alleging that he violated the following disciplinary rules of the Code of Professional Responsibility:

DR 4–101(B)(1) (A lawyer shall not knowingly "[r]eveal a confidence or secret of his client.");

DR 6–101(A)(3) (A lawyer shall not "[n]eglect a legal matter entrusted to him."); and

DR 7–101(A)(1) (A lawyer shall not intentionally "[f]ail to seek the lawful objectives of his client through reasonably available means . . . .").

We referred the matter, pursuant to Maryland Rule BV9 b, to Judge Raymond G. Thieme, Jr. of the Circuit Court for Anne Arundel County to make findings of fact and conclusions of law.

Judge Thieme observed that, as alleged in the disciplinary petition, the respondent had earlier been charged with the identical disciplinary infractions in the District of Columbia and had been suspended from the practice of law in that jurisdiction by the District of Columbia Court of Appeals for six months, beginning March 8, 1984. *See Matter of Rosen,* 470 A.2d 292 (1983). Judge Thieme noted that under Maryland Rule BV10 e 1 the final adjudication of respondent's misconduct by the District of Columbia Court of Appeals "is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule." [1]

Neither party took exceptions to Judge Thieme's findings and conclusions. Bar Counsel has recommended that the respondent be suspended for six months. The respondent, while not disagreeing with Bar Counsel's recommendation, urges that the period of suspension be concurrent with that imposed by the District of Columbia Court of Appeals, *i.e.,* to date from March 8, 1984. In this connection, the respondent avers that upon his suspension in the District of Columbia, he closed his law practice and has not practiced in any jurisdiction as of March 8, 1984.

After careful consideration, and accepting Judge Thieme's findings, we conclude that respondent should be suspended from the practice of law in Maryland for six months, commencing from the date of the filing of the opinion in this case. Prior to termination of the suspension, the respondent shall pay all costs of the disciplinary proceedings. [2]

---

1. The misconduct alleged primarily concerned neglect and intentional failure to seek lawful client objectives in two separate representations of clients in the District of Columbia. Judge Thieme made independent findings of fact, concluding that the respondent had violated the disciplinary rules, as charged in the disciplinary petition.

2. Under Rule XI of the Rules Governing the Bar of the District of Columbia, an attorney suspended from the practice of law in that jurisdiction for less than one year need not apply for reinstatement on petition; readmission is automatic upon termination of the suspen-

**40**

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SOL ZALEL ROSEN.

---

sion. *See Attorney Grievance Commission v. Sheehy,* 298 Md. 371, 470 A.2d 341 (1984).